UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LISA GOODRIDGE-ANDERSON and WAYNE LAWRENCE JEFFREY<br>Plaintiffs,<br><br>v.<br><br>LEROY A SIMMS, *et al*.<br>Defendants. | : : : : : : : : : : : : | Civil Action No. 22-6852 (JXN) (CLW)<br><br>OPINION |

**NEALS**, District Judge:

This matter arises from a July 2021 auto accident in Kings County, New York. Plaintiffs Lisa Goodridge-Anderson and Wayne Lawrence Jeffrey filed a Complaint in this Court on or about November 29, 2022 to recover damages for personal injuries allegedly sustained in the auto accident. *See* Compl. On March 7, 2023, Defendants Leroy A. Simms and Terence Anthony Bruce (collectively, the "Moving Defendants") filed a Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction and improper venue. *See* Mot., ECF No. 13. The deadline for Plaintiffs to submit opposition papers was March 20, 2023. To date, Plaintiffs have not submitted an opposition nor requested an extension of the deadline to oppose the Moving Defendants' Motion to Dismiss. Accordingly, this Court reviews the motion as unopposed. Following its review, the Moving Defendants' Motion to Dismiss [ECF No. 13] is **GRANTED**.

Where a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that jurisdiction exists. *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 550 (E.D. Pa. 2018) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). A plaintiff may not "rely on the bare pleadings alone in order to

withstand a defendant's motion to dismiss for lack of personal jurisdiction." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) n.9 (citing *Int'l Assoc. of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)).

The Moving Defendants assert that Plaintiff cannot establish personal jurisdiction over the them because they do not have any meaningful connection to the State of New Jersey. *See* ECF No. 13-3 at 4.[1] In particular, the Moving Defendants contend that Defendant Leroy Simms resides in Brooklyn, New York; Defendant Terence Anthony Bruce resides in Cheshire, Connecticut; and Defendant Hanover Insurance Company has its principal place of business in Worcester, Massachusetts. *Id.* at 5.[2] The Moving Defendants further argue that the alleged accident in this matter occurred in Kings County, New York. *Id.* at 6. Thus, the Moving Defendants argue that no act or omission within the State of New Jersey on the part of the Moving Defendants caused or contributed to the occurrence at the heart of Plaintiffs' claims. *Id.*

As noted above, Plaintiffs have not responded to the Moving Defendants motion. Because the burden rests with Plaintiffs to go beyond his pleadings with evidence of personal jurisdiction, their lack of opposition represents a failure to meet that burden. Accordingly, this Court grants the Moving Defendants' unopposed motion and dismisses Defendants Leroy A. Simms and Terence Anthony Bruce from this matter for lack of personal jurisdiction. An appropriate Order shall issue on this date.

DATED: May 1, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.
[2] The Court notes that Defendant Hanover Insurance Company was dismissed with prejudice from this matter on February 9, 2023. *See* ECF No. 8.